HURWITZ, Circuit Judge,
concurring in part and dissenting in part:
Judge O’Scannlain’s majority opinion ably navigates the doctrinal shoals created by the Supreme Court’s constitutionalization of punitive damages. I agree with the majority that ASARCO’s conduct was reprehensible and warranted punitive damages. I also agree with the majority that a single-digit ratio between punitive and compensatory damages is not constitutionally mandated in cases involving nominal damages. I differ from my shipmates only as to the final port of call. Rather than reduce the punitive damages award to $125,000, I would affirm the judgment below in its entirety because the award falls within the statutory cap on damages in Title VII.
In BMW of North America, Inc. v. Gore, the Supreme Court held that a punitive damages award violates due process if it is “grossly excessive” in relation to the government’s interests in punishing unlawful conduct and deterring its repetition. 517 U.S. 559, 568, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996). The Court explained that the Due Process Clause of the Fourteenth Amendment limits punitive damages awards because “[ejlementary notions of fairness ... dictate that a person receive fair notice not only of the conduct that will subject him to punishment, but also of the severity of the penalty that a State may impose.” Id. at 574, 116 S.Ct. 1589.
A properly instructed jury awarded one dollar in nominal damages and $868,750 in punitive damages against ASARCO for its reprehensible conduct. The trial judge then reduced the total award — as required by Title VII — to $300,000, 42 U.S.C. § 1981a(b)(3)(D), but declined to reduce the award further. The issue is thus whether the $299,999 punitive damages award “can fairly be categorized as ‘grossly excessive’ in relation to the” government’s interests in punishment and deterrence such that “it enter[s] the zone of arbitrariness that violates the Due Process Clause of the Fourteenth Amendment.” Gore, 517 U.S. at 568, 116 S.Ct. 1589 (internal quotations omitted). I cannot so conclude.
The majority, although properly rejecting a single-digit ratio test in a case with nominal damages, nonetheless concludes that it must apply some sort of ratio analysis to comply with Gore. It then finds guidance in a Fifth Circuit opinion which upheld an award of one dollar in nominal damages and $125,000 in punitive damages to plaintiffs who suffered racial discrimination in the workplace. Abner v. Kan. City S. R.R. Co., 513 F.3d 154, 157 (5th Cir.2008).
Abner does provide important guidance, but quite different than that discerned by the majority. The Fifth Circuit concluded in that case that ratio analysis should not apply because, in Title VII cases, Congress has cabined “discretion in the amount of the award in the most direct manner possible”: It placed a cap on the permissible aggregate of compensatory and punitive damages. Id. at 163. As that court recog *893 nized, the issue in a Title VII case is therefore not the ratio between punitive and compensatory damages, but instead “if the statutory cap itself offends due process.” Id. at 164.
Two of our sister circuits have held that the $300,000 statutory cap in Title VII obviates any due process concerns when the plaintiff has proven egregious conduct. Id. (“[T]he combination of the statutory cap and high threshold of culpability for any award confínes the amount of the award to a level tolerated by due process.”); Cush-Crawford v. Adchem Corp., 271 F.3d 352, 359 (2d Cir.2001) (“We hold that in Title VII cases ... punitive damages may be awarded within the limits of the statutory caps if the defendant has been shown to have acted with a state of mind that makes punitive damages appropriate .... ”). I agree.
Mendez v. County of San Bernardino, 540 F.3d 1109 (9th Cir.2008), upon which the majority relies, is not to the contrary. In Mendez, the district court found a $250,000 punitive damages award grossly excessive when only one dollar in nominal damages was awarded on the plaintiffs § 1983 false arrest and illegal search claims. Id. at 1122. This court approved the district court’s remittitur of Mendez’s award to $5,000. Like Abner, Mendez stands for the proposition that single-digit ratio analysis is not a talisman in civil rights cases involving nominal damages. But, unlike this case and Abner, the statute at issue in Mendez, 42 U.S.C. § 1983, has no cap on punitive damages. Mendez therefore does not instruct us that ratio analysis is required in Title VII cases.
Gore explained that “a reviewing court engaged in determining whether an award of punitive damages is excessive should accord substantial deference to legislative judgments concerning appropriate sanctions for the conduct at issue.” 517 U.S. at 583, 116 S.Ct. 1589 (internal quotations omitted). Thus, a relevant civil penalty provides the notice necessary to allow a punitive damages award. Id. at 574, 116 S.Ct. 1589. The majority correctly concludes that the Title VII damages cap is “clearly a relevant ‘civil penalty.’ ” Majority Op. at 890 (internal quotations omitted); see Zhang v. Am. Gem Seafoods, Inc., 339 F.3d 1020, 1045 (9th Cir.2003) (holding that Title VII’s damages cap is “a legislative judgment similar to the imposition of a civil fine”). This case is therefore analytically no different than if Title VII gave the trial court the power to impose a fíne not to exceed $300,000 upon finding egregious conduct. A defendant receiving a fine within the statutory limits could hardly complain of a due process violation because of the absence of notice.
And, although I agree with the analysis in Abner, I find it problematic that the majority believes that the ceiling of constitutionally acceptable punitive damages in Title. VII cases has somehow forever been fixed by that opinion. Would a different result be mandated if the Fifth Circuit in Abner had upheld a jury award of the full $300,000 allowed by Title VII? Abner simply affirmed a jury award of $125,000 in exemplary damages. It did not hold that this award was the maximum permissible under the Constitution, let alone that it was forever fixing the constitutional ratio for punitive damage awards.
Of course, even absent due process concerns, a district court should reduce a punitive damages award if unsupported by the evidence. But the district judge declined to do that here, and the majority does not suggest he erred on that score. I would therefore leave the trial court’s considered judgment undisturbed, and affirm the judgment below.